**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EMILE PIERCE (# 131248)**                                                       **CIVIL ACTION**

**VERSUS**

**SHERYL RANATZA, ET AL.**                                                **NO. 15-0590-JWD-EWD**

**NOTICE**

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Signed in Baton Rouge, Louisiana, on May 16, 2018.

                                *[signature]*

                             **ERIN WILDER-DOOMES**
                             **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EMILE PIERCE (# 131248)**                                    **CIVIL ACTION**

**VERSUS**

**SHERYL RANATZA, ET AL.**                                    **NO. 15-0590-JWD-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Louisiana Parole Board Chairperson Sheryl Ranatza and Deputy Secretary Jenie Powers of the Louisiana Department of Public Safety and Corrections, complaining regarding (1) the State's alleged wrongful interpretation of La. R.S. 15:308(B), the Louisiana statute that addresses the potential amelioration of certain criminal sentences, and (2) the policies and procedures instituted by the Department that effectively violate due process and divest him of an asserted constitutional liberty interest in having his life sentence ameliorated in accordance with the Louisiana statutory scheme set forth in the referenced statute.  Plaintiff prays for a declaratory judgment stating that the referenced policies and procedures deprive him of due process and a constitutionally protected liberty interest, that he is legally entitled to a judicial determination of his right to amelioration of his sentence, and that the state courts have misinterpreted the "mandatory" sentencing provisions set forth in La. R.S. 15:308.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action

or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.[1] An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

From a review of the allegations of Plaintiff's Complaint, as amended, together with a review of Plaintiff's prior habeas corpus proceedings in the Eastern District of Louisiana, *see Emile Pierce v. N. Burl Cain, Warden*, Civil Action No. 06-2117-HGB-KWR (E.D. La.), it appears that he was convicted of one count of armed robbery, committed in 1999, and was subsequently adjudicated a third felony offender under Louisiana law and, pursuant to the multiple offender sentencing law then in effect, La. R.S. 15:529.1, was sentenced to life imprisonment, without the benefit of probation, parole or suspension of sentence. At the time of commission of the third

---

[1] Plaintiff was granted leave to proceed *in forma pauperis* in this matter. *See* R. Doc. 5.

offense, Louisiana's multiple offender statute provided for a mandatory life sentence for a third felony offender if the third offense, or if either of the two predicate offenses, was defined as a crime of violence, as was the offense of armed robbery.

By Act No. 403 of the 2001 Regular Session of the Louisiana Legislature, the multiple offender statute, La. R.S. 15:529.1, was amended to provide that a life sentence was mandated for a third felony offender only when all three of a defendant's predicate convictions fell into specific categories, including being crimes of violence. That legislation, which became effective on June 15, 2001, also created the Louisiana Risk Review Panel, to which prisoners who had been convicted of the enumerated offenses and whose sentences would potentially be ameliorated by the amended sentencing provision could apply for amelioration of their sentences under the statute. The legislation further provided, however, that its provisions were to be given only prospective effect and so did not apply to Plaintiff, whose third offense had predated the amendment to the statute.

Subsequently, in 2006, the Louisiana Legislature enacted La. R.S. 15:308 to provide that the sentence reductions contemplated by the earlier Act 403 were to be applied retroactively to "… persons who committed crimes, who were convicted, or who were sentenced … prior to June 15, 2001." Pursuant to subsection (C) of La. R.S. 15:308, such persons were authorized to apply to the Risk Review Panel for review under the more lenient penalty provisions, "… provided that such application ameliorates the person's circumstances."

Pursuant to the enactment of La. R.S. 15:308, Plaintiff asserts that he filed a motion to correct his sentence in the state district court in 2006. That motion was allegedly denied, however, upon a judicial determination that the amended statute did not authorize the judicial branch of government to effectively commute a criminal sentence that had already been imposed. The state court concluded that the commutative power envisioned by the referenced statute rested solely in

the executive branch, relying on *State v. Dick*, 943 So.2d 389 (La. App. 1 Cir. 2006). The appellate court decision in *Dick* was subsequently affirmed by the Louisiana Supreme Court in *State v. Dick*, 951 So.2d 124 (La. 2007). The *Dick* Court apparently interpreted the referenced statute as neither creating a mandatory entitlement to amelioration nor as entitling an offender to seek relief in the state courts through the filing of a motion to correct an illegal sentence pursuant to La. Code Crim. P. art. 881.5. *See id.* Instead, the Louisiana Supreme Court interpreted the statute as allowing an offender to merely apply for possible leniency in the form of a nonbinding recommendation for the exercise of clemency by the executive branch. *See id*. As addressed in greater detail below, the *Dick* decision has recently been abrogated by the Louisiana Supreme Court. *See State ex rel. Esteen v. State*, __ So.3d __, 2018 WL 618429 (La. 2018).

In 2012, the Louisiana Legislature acted again. Pursuant to Act No. 123 of 2012, the Legislature eliminated the Louisiana Risk Review Panel entirely, repealing subpart (C) of La. R.S. 15:308 and repealing La. R.S. 15:574.22. Thus, the Risk Review Panel, a part of the Department of Public Safety and an agency of the executive branch of state government that previously had authority to recommend clemency to the Board of Pardons or to recommend parole to the Board of Parole, no longer existed. Plaintiff apparently interpreted this legislative action as placing the authority to potentially ameliorate his sentence in the judicial branch of state government, so Plaintiff allegedly filed a second motion to correct his sentence in the state district court in September 2013. Again, however, Plaintiff's motion was denied, and again the Court allegedly relied upon the reasoning of the Louisiana Supreme Court in *State v. Dick, supra*, concluding that the judicial branch did not have the authority to modify Plaintiff's sentence.

Upon denial of judicial relief, Plaintiff finally applied for a "commutation" or amelioration of his life sentence before the Louisiana Pardon Board in accordance with La. R.S. 15:308(B). According to Plaintiff, however, that application was arbitrarily denied on April 23, 2014, without

a hearing, allegedly because, pursuant to Pardon Board rules, his prison disciplinary record did not reflect that he had been disciplinary-violation-free for a period of at least 24 months.[2]

Finally, pursuant to Act 340 of 2014, the Louisiana Legislature again amended La. R.S. 15:308 to add a new subpart (C) that specifically delineated an avenue available to offenders seeking to obtain ameliorative consideration of their sentences under the statute. Under the new provision, "[s]uch persons shall be entitled to apply to the committee on parole pursuant to R.S. 15:574.2."

In his original and amending Complaint herein, Plaintiff complains that the Louisiana courts have misinterpreted the provisions of La. R.S. 15:308 and that the decision of the Louisiana Supreme Court in *State v. Dick* is "patently unconstitutional." Specifically, Plaintiff asserts that the statute should be interpreted as allowing for a mandatory amelioration of his sentence through a judicial proceeding in the state courts and that the Department of Public Safety and Corrections, of which the committee of parole is a part, has issued an implementing regulation, Department Regulation No. B-01-007, that he complains is unconstitutional because it limits to a great degree the ability of persons to obtain the benefit of the ameliorating statute. Specifically, Plaintiff states that "Department Regulation No. B-01-007 is 'unconstitutional' on its face, as it arbitrarily denies Plaintiff an opportunity to even apply to the 'parole committee' pursuant to the new La. R.S. 15:308(C) due to the fact that Plaintiff's Master Prison Record reflects that he has an 'open detainer' attached to him, … and where the procedures therein further 'arbitrarily' subject Plaintiff to three (3) additional [unspecified] discretionary 'barriers' that he must overcome before he even becomes eligible." *See* R. Doc. 1 at pp. 17-18.

---

2   The Court does not have before it copies of the proceedings filed by Plaintiff before the state courts and before the Pardon Board, wherein he allegedly sought to obtain amelioration of his sentence.

Plaintiff's allegations fail to state a constitutional claim cognizable before this Court at the present time. In this regard, the Court will first address Plaintiff's assertion that the 2006 amendment to La. R.S. 15:308 – which made the more lenient sentencing structure retroactively available to Plaintiff and to similarly-situated inmates – has been misinterpreted by the Louisiana Supreme Court in *State v. Dick, supra*, and should be declared to entitle Plaintiff and others to "a *mandatory* amelioration of their sentences *in the state district courts*." *See id*. at p. 7 (emphasis added and in original).[3] In this regard, Plaintiff asserts that the Louisiana state courts, including the Louisiana Supreme Court in *State v. Dick, supra*, erroneously created and perpetuated a "manufactured" ambiguity in La. R.S. 15:308 and thereby erroneously determined that the referenced statute created a single discretionary path to potential amelioration, not a mandatory right to same, and that the jurisdiction to undertake the discretionary ameliorative sentencing evaluation rested solely with the executive branch of state government rather than the judicial branch.

There are two problems with Plaintiff's contentions in this regard. In the first place, it is readily apparent that Plaintiff's argument relative to the alleged misinterpretation of La. R.S. 15:308 turns solely upon an issue of state law and upon the state courts' interpretation of a state statute, and the state courts, including the Louisiana Supreme Court, have addressed and decided this claim. Thus, although Plaintiff requests that this Court declare La. R.S. 15:308 to be a "mandatory sentencing law" and that this Court overturn the decision in *State v. Dick* as being "patently unconstitutional," it has often been stated in this context that it is not the province of a

---

3    To the extent that Plaintiff's Complaint may be interpreted as asserting a claim on behalf of other inmates who may have been denied sentencing amelioration under La. R.S. 15:308, this claim is not cognizable in this Court. Specifically, a *pro se* litigant does not have standing to assert the civil rights of third parties injured by a defendant's alleged unlawful conduct. *See Roark v. Flanery,* 2014 WL 4447451, *26 (E.D. Tex. Sept. 9, 2014), *citing Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986).

federal court "to reexamine state court determinations on state law questions." *See Robinson v. Cain*, 2015 WL 770458, *3 (E.D. La. Feb. 23, 2015), *quoting Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (rejecting an inmate's habeas corpus claim that was based upon the ameliorative sentencing provisions addressed herein); *Normand v. Sumlin*, 2015 WL 4397127 (E.D. La. July 9, 2015) (same, where the petitioner asserted that the *State v. Dick* decision should be overruled and that he was "entitled to a reduced sentence in accordance with the mandatory retroactive provisions set forth in [La. R.S. 15:308]"); *Finch v. Cain*, 2015 WL 4478025 (E.D. July 22, 2015) (same). *See also Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions are state law"). Accordingly, this Court does not have the authority to re-interpret the referenced statute and/or to substitute its own interpretation of state law for that of the Louisiana Supreme Court.

Further and in any event, the Louisiana Supreme Court, as noted above, has recently issued a decision abrogating the rule stated in *State v. Dick, supra.* In doing so, the state court has also provided Plaintiff with a new potential avenue for the relief desired, *i.e.*, for a judicial amelioration of his sentence. Specifically, in *State ex rel. Esteen v. State, supra*, the Louisiana Supreme Court concluded that the Court in *Dick* reached an erroneous conclusion and that La. R.S. 15:308 has in fact create a mandatory sentencing structure that applies retroactively to offenders who were previously sentenced for enumerated offenses under the harsher sentencing scheme predating July 2001. The *Esteen* Court further concluded that, to the extent that the offender's previous sentence is now, by virtue of the amended penalty provisions, no longer authorized as a penalty for the offense committed, his sentence has thereby been rendered "illegal" within the meaning of La. Code Crim. P. art. 881.5, and he is authorized to move in the state district court to correct his sentence under that article. In this regard, article 881.5 provides that "[o]n motion of

the state or the defendant, or on its own motion, at any time, the court may correct a sentence imposed by that court which exceeds the maximum sentence authorized." Thus, the *Esteen* Court now recognizes a judicial remedy for offenders whose sentences are no longer authorized by law for the offenses committed. In addition, the *Esteen* Court, in *dicta*, apparently also recognizes an alternative non-judicial procedure available to inmates who were previously sentenced under the harsher pre-2001 sentencing scheme and whose sentences have not been rendered technically "illegal" by the more lenient sentencing provisions, as for example, where the offender's sentence falls within the allowable range under both the harsher and the more lenient sentencing statutes. *See id*. at note 4. Thus, the *Esteen* Court explains:

> [I]t appears that the legislature has created two distinct avenues for relief. First, … when an offender's sentence exceeds the maximum sentence allowed under the new penalty provisions, then that sentence is truly illegal and must be corrected by the district court. Second, when a sentence falls within the ranges of both the harsher and more lenient penalty provision (e.g. an individual sentenced to 15 years imprisonment for a crime that initially carried a range of 1-30 years, and where the ameliorated range falls between 0-15 years), that sentence is not illegal and that offender's avenue for relief is by application to the committee on parole pursuant to La. R.S. 15:308(C), through which, as we found in *State v. Dick*, "the legislature is suggesting to the executive branch that it should consider these ameliorative sentencing provisions when reviewing the offenders' applications …."

*See id*. at note 4.

Based on the foregoing, it appears that, not only is this Court not authorized to second-guess the state's interpretation of its own law in *State v. Dick,* but that the relief requested by Plaintiff herein, a declaration that the *Dick* decision in unconstitutional, has been rendered moot in large part, if not entirely, by the decision of the Louisiana Supreme Court in *Esteen, supra*, abrogating *Dick*. Accordingly, Plaintiff's claim in this regard is foreclosed.

The Court next turns its attention to Plaintiff's contention that the regulations implementing the non-judicial discretionary amelioration procedure authorized by La. R.S. 15:308(C), which procedure is still recognized in *Esteen* as being alternatively available when appropriate, are

unconstitutional and deprive him of a due process liberty interest in having his sentence ameliorated under the statute. The Court is able to address Plaintiff's contention in this regard after *Esteen* because Plaintiff allegedly attempted to avail himself of the non-judicial procedure by applying for amelioration to the committee on parole and was denied amelioration thereunder. In this regard, Plaintiff asserts that the regulations implementing the amelioration procedure before the committee on parole, specifically Department Regulation No. B-01-007, are unconstitutional because they allegedly arbitrarily deprive him of a reasonable opportunity to obtain the benefit of the ameliorating statute.

This claim as well must be rejected. As stated in *Robinson v. Cain, supra*, in response to an inmate petitioner's generalized assertion that the ameliorative penalty provisions deprived him of a due process liberty interest in amelioration:

> [Plaintiff] has not identified any Supreme Court precedent or federal authority to establish a due process violation. Generally, a prisoner has no cognizable liberty interest in meaningful access to state clemency mechanisms. *McKithen v. Brown*, 626 F.3d 143, 151 (2nd Cir. 2010). Simply put: "[A] prisoner has no liberty interest with respect to any procedures available to vindicate an interest in state clemency because clemency is inherently discretionary and subject to the whim, or grace, of the decisionmaker; it is, in other words, a form of relief to which a prisoner has no right." *Id*. at 151; *Brady v. Norris*, No. 5:08cv00147, 2008 WL 5002929 (E.D. Ark. Nov. 20, 2008) (noting that a prisoner "has no federal or state liberty interest in the possibility of obtaining parole, furlough or clemency, or any type of early release, and he is thus not entitled to any due process protections in connection with diminishment of those possibilities").

*Id.* at *3 note 23. *See also* Magistrate Judge's Report and Recommendation in *Eric Dwayne Gresham v. Bobby Jindal, et al.*, No. 14-cv-0692 (E.D. La. April 2, 2014) (dismissing as frivolous an inmate plaintiff's civil rights claim based upon an alleged denial of due process predicated upon the amendments to La. R.S. 15:308: "[A] prisoner has no cognizable liberty interest in meaningful access to state clemency mechanisms"). Based upon the reasoning employed in these decisions, it appears clear that there is no basis for Plaintiff's claim regarding the deprivation of a due process

liberty interest as a result of the regulations adopted by the State in implementation of La. R.S. 15:308(C).[4]

Further, in addition to the foregoing, upon a review of the pertinent sections of the Louisiana Administrative Code, of the Department Regulation complained of by Plaintiff herein (Regulation No. B-01-007), and of pertinent written Policies of the Louisiana Board of Pardons and Parole, the Court discerns no unreasonable or arbitrary deprivations in the policies, rules and regulations implementing La. R.S. 15:308(C). Specifically, the Louisiana Administrative Code provides, in pertinent part, that "[a]n offender may apply for ameliorative penalty consideration in [sic] as provided by R.S. 15:308(C) relative to ameliorative penalty provisions, in accordance with rules promulgated by the Department of Public Safety and Corrections." *See* La. Admin. Code, tit. 22, pt. XI, § 801. *See also* La. Admin. Code, tit. 22, pt. XI, § 803 (providing a non-exhaustive list of guidelines that may be utilized by the parole panel in evaluating an offender's application). In furtherance of this provision, the Department of Public Safety and Corrections has promulgated Regulation No. B-01-007, which provides the applicable procedures for making such application. Pursuant to this Regulation, "[i]t is the Secretary's policy that the Department shall accept the application of any offender who applies for ameliorative penalty consideration …. The offender's application shall be reviewed for eligibility pursuant to La. R.S. 15:308 and those offenders found eligible for ameliorative penalty consideration shall be referred to the Committee on Parole for further consideration." As to eligibility, the Regulation makes reference to a list of crimes to which the statute applies and further provides that "[p]ursuant to this regulation, an offender's

---

4   Plaintiff also makes reference to an unspecified violation of his constitutional right to "equal protection" by reason of La. R.S. 15:308 and its implementing regulations. Notwithstanding, it appears clear that Plaintiff has not been subjected to any form of unconstitutional discrimination by virtue of these provisions. *See, e.g., Gresham v. Jindal*, 2015 WL 846652,*2 (E.D. La. Feb. 24, 2015) (rejecting an inmate's claim that La. R.S. 15:308 had resulted in a violation of his right to equal protection).

application is not eligible for consideration if there are any outstanding felony detainers or open warrants against the offender," *i.e.,* if there are additional unresolved criminal charges pending against the offender. Finally, the written Policies of the Board of Pardons and Parole provide additional non-exhaustive criteria and procedures applicable to the ameliorative review process, all of which are essentially directed at determining "the risk of danger the applicant would pose to society if released from confinement." *See* Board of Pardons and Parole Policies Nos. 08-801-POL and 07.701-POL. Included in these criteria are such factors as:

a) Poor conduct and/or disciplinary record, including habitual and compulsive violent behavior, lack of cooperation or good faith effort and/or other undesirable behavior;

b) Maximum custody status, except those offenders assigned to maximum custody based solely upon classification criteria other than disciplinary reasons;

c) Low level of program activity and/or completion when compared to program opportunity and availability;

d) Extensive habitual and/or violent criminal history; [and]

e) Extensive supervision revocation history.

*See* Pardon Board Policy No. 08-801-POL and La. Admin. Code, tit. 22, pt. XI, § 803. Also subject to consideration among the non-exhaustive guidelines, by reference to the general considerations of the Board of Pardons and Parole for parole release, are the nature and circumstances of the crimes committed, the offender's prior criminal record, his character, social background and emotional and physical condition, his institutional adjustment, the attitudes of police, the judiciary and the community toward the offender, and the offender's plans upon release. *See* Pardon Board Policy No. 07.701-POL. In the Court's view, none of these criteria or guidelines amount to an arbitrary or unreasonable imposition upon the State's entitlement to evaluate the suitability of an inmate for release into society under La. R.S. 15:308(C). Nor does Plaintiff specifically identify any particular criterion or guideline that he perceives to be arbitrary

or unreasonable other than by reference to the prohibition excluding offenders who have pending felony detainers lodged against them, which detainers represent the existence of criminal charges that are unresolved. In the Court's view, it is not arbitrary for the State to make a determination that the existence of such felony detainers are a reasonable limitation upon an offender's entitlement to consideration for ameliorative sentencing. Further, such detainers do not in all cases operate as permanent barriers to an offender's pursuit of benefits under La. R.S. 15:308(C) in light of the fact that an offender may seek to resolve such detainers through a challenge thereto in a state court habeas proceeding. Finally, whereas Plaintiff makes an oblique reference to three additional "discretionary barriers" to his entitlement to pursue relief under La. R.S. 15:308(c), he does not identify these purported barriers or the manner in which they are allegedly arbitrary and unreasonable. In the absence of any specificity in connection therewith, the Court is unable to address same and finds that Plaintiff has failed to adequately state a claim relative thereto.

Finally, as discussed above, the State of Louisiana has newly recognized a right on the part of offenders who meet certain criteria to proceed in state court with a motion to correct a purported illegal sentence under La. R.S. 15:308(B). *See State ex rel. Esteen v. State, supra*. Whereas Plaintiff has allegedly previously filed motions to correct his sentence before the state district courts, such motions were filed prior to the *Esteen* decision and, as a result, the denials of such motions (based on the abrogated decision in *State v. Dick, supra*) are not determinative of Plaintiff's entitlement to amelioration under the new procedure. The Court concludes that it need not decide in this case whether Plaintiff meets the criteria for a judicial amelioration of his sentence and whether he is therefore authorized to pursue relief under the newly recognized judicial path set forth in *Esteen, supra*. Instead, the Court concludes that federal notions of comity and deference to the state courts require that Plaintiff first proceed in the state district court for amelioration of his sentence under that procedure, after which, if unsuccessful, he may seek to

pursue federal habeas corpus relief upon exhaustion of state court remedies.

Based on the foregoing, the Court concludes that Plaintiff's allegations in this case fail to set forth a claim for relief that is cognizable in this Court. Accordingly, the Court will recommend that Plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, without prejudice to any right Plaintiff may have to pursue federal habeas corpus relief upon denial of a motion to correct an illegal sentence in the state court and upon the exhaustion of state court remedies.

## **RECOMMENDATION**

It is recommended that Plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, without prejudice to any right Plaintiff may have to pursue federal habeas corpus relief upon denial of a motion to correct an illegal sentence in the state court and upon the exhaustion of state court remedies.[5]

Signed in Baton Rouge, Louisiana, on May 16, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."